CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 21 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH LAMONTE HILL, | ) |
| | ) Case No. 7:12-cv-00289-JCT-RSB |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| DAVID DILLOW, et al. | ) By: James C. Turk |
| | ) Senior United States District Judge |
| Defendants. | ) |

Keith L. Hill, an inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that various Virginia officials violated his rights by (1) attaching a GPS device to his vehicle without his consent and (2) failing to bring charges against those responsible. Upon review of the record, the court finds that the § 1983 action must be summarily dismissed because all of the Defendants are immune from Plaintiff's claims for damages.

I

Hill alleges the following sequence of events relevant to his claims. On September 13, 2010, Defendant Branscom, Botetourt County Commonwealth Attorney, advised Defendant police officers Dillow, Mandeville, and Parker that it was "perfectly fine" to install a GPS tracking device on the Plaintiff's vehicle while it was parked on a public street in a neighboring jurisdiction, the City of Bedford. Pursuant to that advice, Defendants Dillow and Anderson traveled to Bedford, but were unable to locate Plaintiff's vehicle. On September 16, 2010, they returned to Bedford, were able to locate the vehicle, and installed a GPS tracking device on the Plaintiff's vehicle without his knowledge.

1

After criminal charges were brought against Plaintiff utilizing the information obtained from the GPS device, Defendants Yeatts and Cook, both Virginia circuit court judges, each ruled that the installation and use of the GPS device in this circumstance constituted an unreasonable search in violation of the Fourth Amendment. Defendants McAndrews and Pflieger, both prosecutors, then declined to bring charges against those involved in the installation and use of the GPS device. Plaintiff alleges that the actions of these four defendants in "their omission to criminally charge" those responsible for the installation of the GPS device violated his constitutional rights. Defendant Page, a magistrate, is also allegedly liable for failure to "proceed with criminal process" against those involved in the installation and use of the GPS device. Plaintiff seeks monetary damages against the Defendants for these alleged constitutional violations.

## II

The Court is required to dismiss any action or claim filed by a prisoner if the court determines that the action or claim is frivolous, malicious, fails to state a claim on which relief may be granted, or the defendants are immune. 28 U.S.C. § 1915(e)(2)(B). Because the Court has determined that absolute or qualified immunity unquestionably provides each Defendant with an affirmative defense to this civil action, the court will summarily dismiss the complaint under § 1915(e)(2)(B)(iii). "A district court may dismiss an action under 28 U.S.C. § 1915(e)(2)(B) if the court finds that defendant is entitled to qualified immunity." *Al-Haydar v. Bontz*, No. 4:11CV1952 AGF, 2012 WL 2191301, *1 (E.D. Mo. June 14, 2012) (citing *Maness v. Dist. Court*, 495 F.3d 943, 944 (8th Cir. 2007)); *see also McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009) (holding *sua sponte* dismissal appropriate where legislative immunity was plainly evident); *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983) (finding under former

2

version of § 1915 that court may summarily dismiss as frivolous a claim clearly barred by an affirmative defense).

The Court, liberally construing the complaint of the *pro se* Plaintiff, interprets it as raising three sets of § 1983 claims: (1) claims against judicial officers for failing to initiate or proceed with criminal charges, (2) claims against prosecutors for failing to initiate charges against other Defendants, and (3) claims that certain Defendants violated his Fourth Amendment rights by installing and using a GPS device on his vehicle. Liberally construed, the complaint also raises three sets of state law claims: (1) trespass for attaching the GPS device to his vehicle, (2) jurisdictional violations by Defendants acting outside their territorial jurisdictions, and (3) a state law right, allegedly recognized by the Virginia General Assembly, to be free from GPS tracking.

This Court dismisses the federal claims on grounds of absolute and qualified immunity and declines to exercise jurisdiction over the supplemental state law claims. 28 U.S.C. § 1367(c).

### A. Claims Against Judicial Officials

The plaintiff seeks to hold Defendants Yeatts and Cook, both Virginia circuit court judges, liable for money damages based on their failure to "criminally charge" the Defendant police officers "subsequent to their admission under oath of criminally tampering with plaintiff's vehicle." Complaint, Dkt. No. 1, ¶ 20. However, judges are immune from suit unless their actions were nonjudicial in nature or taken in complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349 (1978). There is no indication from the complaint, nor could the Plaintiff claim, that the acts of these Defendants were nonjudicial in nature or taken in complete absence of jurisdiction. Therefore, the Court dismisses claims against Defendants Yeatts and Cook.

3

The same is also true for Defendant Page as a magistrate. Plaintiff alleges in ¶ 21 of the complaint that Page "abused her discretion when she failed to proceed with criminal process" against certain Defendants. "Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges." *Pressly v. Gregory,* 831 F.2d 514, 517 (4th Cir. 1987). "The relevant factor [in determining whether an act is judicial] is whether the act is one normally performed by a judge. Issuing process of arrest for one accused of a crime is a judicial function," *King v. Myers,* 973 F.2d 354, 358 (4th Cir. 1992) (internal punctuation and citations omitted), and is thus protected by judicial immunity. Therefore, judicial immunity protects Page's actions and the Court dismisses all claims against her.

### B. Claims Against Prosecutors

Plaintiff alleges that Defendants Pflieger and McAndrews violated his constitutional rights "by their omission to criminally charge" certain Defendants. But these prosecutors are protected by prosecutorial immunity, which holds prosecutors immune from "claims that rest on [their] decisions regarding whether and when to prosecute." *Lyles v. Sparks,* 79 F.3d 372, 377 (4th Cir. 1996) (internal quotation marks and citations omitted); *see also Ehrlich v. Giuliani,* 910 F.2d 1220 (4th Cir. 1990); *Imbler v. Pachtman,* 424 U.S. 409, 423-24 (1976). Plaintiff's claims fall comfortably within the scope of prosecutorial immunity. Therefore, the Court dismisses claims against Defendants Pflieger and McAndrews.[1]

### C. Claims Concerning the Installation of the GPS Device

"Qualified immunity shields government officials performing discretionary functions from personal-capacity liability for civil damages under § 1983, insofar as their conduct does not

---

[1] Plaintiff also asserts claims against another prosecutor, Defendant Branscom, for his role in advising police officers that it was "perfectly fine" for Defendant police officers to attach a GPS device to Plaintiff's vehicle. Prosecutorial immunity does not cover a prosecutor giving legal advice to police, *Burns v. Reed,* 500 U.S. 478, 493 (1991); therefore, Defendant Branscom's actions are addressed in the section on qualified immunity.

4

violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 306 (4th Cir. 2006) (internal quotation marks omitted). "A right is clearly established if the contours of the right are sufficiently clear so that a reasonable officer would have understood, under the circumstances at hand, that his behavior violated the right." *Bailey v. Kennedy*, 349 F.3d 731, 741 (4th Cir. 2003) (internal quotation marks and alteration omitted). "When determining whether a reasonable officer would have been aware of a constitutional right, we do not impose on the official a duty to sort out conflicting decisions or to resolve subtle or open issues." *McVey v. Stacy*, 157 F.3d 271, 277 (4th Cir. 1998). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Id.* (internal quotation marks omitted).

"In determining whether a right was clearly established at the time of the claimed violation, courts in [the Fourth Circuit] ordinarily need not look beyond the decisions of the Supreme Court, this court of appeals, and the highest court of the state in which the case arose. If a right is recognized in some other circuit, but not in this one, an official will ordinarily retain the immunity defense." *Edwards v. City of Goldsboro*, 178 F.3d 231, 251 (4th Cir. 1999) (internal quotation marks and citations omitted).

Before the events alleged in the Plaintiff's complaint occurred, four U.S. Circuit Courts of Appeal had addressed the issue of warrantless GPS tracking, but the Fourth Circuit had not. *See United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010) (holding that installation and use of a GPS device without a warrant was a Fourth Amendment search); *United States v. Pineda-Moreno*, 591 F.3d 1212 (9th Cir. 2010) (holding that installation and use of a GPS device without a warrant was not a Fourth Amendment search); *United States v. Marquez*, 605 F.3d 604 (2010) (same); *United States v. Garcia*, 474 F.3d 994 (7th Cir. 2007) (same).

At the time of the alleged installation of the GPS device on Plaintiff's vehicle on September 16, 2010, no case from the Supreme Court, the Fourth Circuit, or the Virginia Supreme Court of Virginia had addressed whether the installation or use of a GPS device was a Fourth Amendment search. The only contrary authority in September 2010 was a single opinion from a different circuit that was released only a month before the installation of the GPS device allegedly occurred. *See Maynard, supra.* This isolated holding was not sufficient to make the right clearly established for purposes of abrogating qualified immunity. Accordingly, Defendants Dillow, Mandeville, Anderson, Parker, and Branscom could not have known that their actions related to the placement of the GPS device on Plaintiff's vehicle violated his constitutional rights. Thus, they are entitled to qualified immunity against Plaintiff's claims for monetary damages. Therefore, the Court dismisses the § 1983 claims against them.

**D. State Law Claims**

The Plaintiff also appears to bring state law claims, but the Court has dismissed all of the federal claims and therefore declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c). The Court dismisses these claims without prejudice.

### III

In conclusion, the Court finds that Defendants have absolute or qualified immunity against Plaintiff's § 1983 claims and summarily dismisses these claims under § 1915(e)(2)(B); the state law claims are dismissed without prejudice. An appropriate order shall issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 21st day of August, 2012.

*/s/ James C. Turk*
United States Senior District Judge